# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEVEN GABRIEL,

    Plaintiff,

v.

STEPHEN T. MOYER,
JOHN DOE COMMISSIONER,
JOHN DOE DEP. COMMISSIONER,
JOHN DOE WARDEN,
JOHN DOE ASSISTANT WARDEN,
JOHN DOE SECURITY CHIEF,
JOHN DOE FACILITY ADMINISTRATOR,
GOVERNOR LARRY HOGAN,
LT. GOVERNOR BOYD K. BUTHERFORD,
JOHN DOE GRIEVANCE COORDINATOR,

    Defendants.

Civil Action No.: JKB-19-2548

## MEMORANDUM OPINION

Plaintiff Steven Gabriel, an inmate confined to Baltimore Central Booking and Intake Center (BCBIC), filed the above-captioned civil rights complaint along with a motion to proceed in forma pauperis on September 3, 2019. For purposes of this initial review, the motion shall be granted.

The complaint is deficient in several respects. Mr. Gabriel provides only the names of Secretary of the Department of Public Safety and Correctional Services Stephen Moyer, Governor Hogan, and Lt. Governor Rutherford, but does not include any specific allegations against these defendants. Additionally, there are no specific allegations against the John Doe defendants; rather, Mr. Gabriel simply provides a generalized grievance regarding the manner in which administrative remedy complaints are processed; the failure to provide phone access to inmates who are newly

committed to BCBIC; the length of time it takes to obtain requested case law from LASI; the inadequacies of the library[1] provided at BCBIC; and complains that his diminution of confinement credits have not been properly calculated. ECF 1 at pp. 3-5. With the exception of the last claim listed, Mr. Gabriel fails to allege that he has personally suffered a cognizable injury as a result of the challenged policies, practices, and conditions as noted.

To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, "Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *See Allen v. Wright*, 468 U.S. 737, 751 (1984) *abrogated on other grounds by Lexmark Int'l., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Mr. Gabriel has no standing to assert the rights of another inmate who may have suffered harm as the result of the challenged policies or practices; therefore, his generalized claims regarding the processing of administrative remedies, the failure to provide phone access to inmates newly committed to BCBIC, the length of time it takes to obtain requested case law from LASI, and the inadequacies of the library provided at BCBIC are dismissed without prejudice.

Mr. Gabriel's claim regarding an alleged error in the calculation of his diminution of confinement credits for which he seeks "immediate release" is not a claim for which federal habeas relief is available. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d

---

[1] Importantly Mr. Gabriel does not state that he has suffered an actual injury as a result of the alleged deficiencies in the library services. A failure to allege an actual injury is fatal to a claim that a prisoner has been denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996)(actual injury requirement derives from the doctrine of standing). An actual injury for purposes of an access-to-courts claim requires demonstration that a non-frivolous, arguable claim was lost. *Id.* at 399. Here, Mr. Gabriel states only that most filing deadlines are 30 days, making the 30 to 45-day turnaround for LASI requests unworkable. ECF 1 at p. 4.

515, 516 (5th Cir. 1970). Violation of a state law that does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). This claim shall also be dismissed without prejudice; Mr. Gabriel may seek relief in Maryland State Court by filing a habeas corpus petition. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-701 *et seq.*

A separate order dismissing the complaint without prejudice follows.

Dated this __17__ day of September, 2019.

FOR THE COURT:

James K. Bredar
Chief Judge

3